IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WILLIAM THOMPSON,

    Plaintiff,                              No. CIV S-11-0780 GEB DAD P

    vs.

GARY SWARTHOUT,

    Defendant.                          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendant Swarthout. Plaintiff has filed an opposition to the motion. Counsel for defendant Swarthout has filed a reply.

**BACKGROUND**

        Plaintiff is proceeding on his original complaint against defendant Warden Swarthout. Therein, he alleges that on February 9, 1990, the Humboldt County Superior Court sentenced him to a term of 25 years to life in state prison and imposed a $10,000.00 restitution fine on him. The court stayed the initial sentence pending the filing of a writ. On March 4, 1991, the Humboldt County Superior Court conducted formal sentencing hearing, but according to plaintiff, did not address his restitution fine. In plaintiff's view, the Superior Court's failure to

1

address the restitution fine means that the restitution fine was stayed.  Plaintiff alleges that he entered the California Department of Corrections (CDCR) on March 6, 1991, and on November 7, 2008, the department began collecting restitution monies from his inmate account.  Plaintiff claims that the Humboldt County Superior Court never held a hearing to determine his ability to pay a fine and, in any event, the state has violated the "statute of limitations" by waiting seventeen years to collect the restitution fine.  In terms of relief, plaintiff seeks a court order declaring that his restitution fine is stayed.  He also seeks a court order requiring the CDCR to return any monies already collected with respect to the restitution fine.  (Compl. at 5 & Attachs.)

## DEFENDANT'S MOTION TO DISMISS

I. Defendant's Motion

  Pursuant to Rule 12(b)(6), defense counsel moves to dismiss plaintiff's complaint on the grounds that plaintiff has failed to state a claim that the defendant violated his right to due process under the Fourteenth Amendment.  Specifically, defense counsel contends that restitution is not subject to any statute of limitations period.  In fact, according to defendant, restitution is enforceable even after a criminal defendant is no longer on parole.  Defense counsel also argues that plaintiff has failed to allege facts showing how defendant Swarthout in particular was involved in a violation of plaintiff's constitutional rights.  Finally, defense counsel argues that defendant Swarthout is entitled to qualified immunity.  (Def.'s Mot. to Dismiss at 4-6.)

II. Plaintiff's Opposition

  In a brief opposition to defendant's motion to dismiss, plaintiff argues that restitution is not legally justifiable in his case.  According to plaintiff, his abstract of judgment does not incorporate a restitution order.  In addition, plaintiff contends that the County of Humboldt's "Revenue Recovery" does not reflect that any court has issued a restitution order against him.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1 & Exs. A & B.)

/////

/////

III. Defendants' Reply

In reply, defense counsel reiterates that plaintiff's complaint fails to state a cognizable claim for relief because the recovery of restitution is not subject to any statute of limitations. In addition, counsel contends that even if the County of Humboldt does not have a record of judgments or debts plaintiff owes, it would be irrelevant because the CDCR collects restitution. Finally, defense counsel reiterates that plaintiff has failed to allege specific facts showing how defendant Swarthout was involved in any violation of plaintiff's constitutional rights and, in any event, defendant Swarthout is entitled to qualified immunity. (Def.'s Reply at 3-6.)

**ANALYSIS**

I. Legal Standards Governing a Motion Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a

motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

II. Discussion

Plaintiff's complaint fails to state a cognizable claim for relief under the Fourteenth Amendment. See Craft v. Ahuja, No. 10-56933, 2012 WL 688411 at *1 (9th Cir. Feb. 29, 2012)[1] (district court properly dismissed substantive and procedural due process claims based on restitution deductions from an inmate trust account); Abney v. Alameida, 334 F. Supp. 2d 1221, 1231-32 (S.D. Cal. 2004) (allegations regarding deductions from prisoner's trust account to satisfy restitution order whether authorized or unauthorized by state law fail to state a claim for violation of substantive and procedural due process rights); see also Heatley v. Tilton, No. 08cv0580-L (Wmc), 2009 WL 943786 at *17 (E.D. Cal. Apr. 7, 2009) (state law does not require the trial court to make express findings on a prisoner's ability to pay a restitution fine); Cal. Penal Code § 1214(d)(2) (California Code of Civil Procedure ten-year period of enforcement for money judgments does not apply to restitution fines or orders imposed pursuant to the California Penal Code).

/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Specifically, in his complaint, plaintiff alleges that defendant Swarthout made unauthorized restitution deductions from his inmate trust account because the Humboldt Superior Court stayed the restitution order or restitution fine in his case.  Even assuming plaintiff's allegations to be true, plaintiff is advised that the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Cf. Daniels v. Williams, 474 U.S. 327 (1986) (prisoner alleging lack of due care by state officials failed to state a due process claim because negligence does not "deprive" an individual of life, liberty, or property).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  Plaintiff is advised that the California Legislature has provided a remedy for tort claims against public officials in California Government Code, §§ 900, et seq.

Moreover, even if plaintiff alleged that defendant Swarthout made authorized restitution deductions from his inmate trust account, he is advised that the United States Supreme Court has held that an authorized deprivation of property pursuant to prison regulations is valid if reasonably related to legitimate penological interests.  See Turner v. Safley, 482 U.S. 78, 89 (1987).  The Ninth Circuit has held that, California Penal Code § 2085.5, which requires the Director of the California Department of Corrections and Rehabilitation to make deductions from prisoner wage and trust account deposits for payment of restitution obligations, is rationally related to legitimate state interests in compensating crime victims.  See Craft v. Ahuja, No. 10-56933, 2012 WL 688411 at *1 (9th Cir. Feb. 29, 2012)[2]; see also Abney, 334 F. Supp. 2d at 1232 ("Plaintiff has not, and cannot, allege that the deduction of money to satisfy the victim restitution

---

[2] See fn. 1, above.

order is not a legitimate interest of the State of California.").

Accordingly, for all of the foregoing reasons, the undersigned will recommend that defendant's motion to dismiss plaintiff's complaint for failure to state a claim be granted.[3]

## CONCLUSION

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (Doc. No. 16) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
thom0780.57

---

[3] In light of the findings and recommendations herein, the undersigned declines to address defendant's alternative arguments regarding the sufficiency of plaintiff's allegations against defendant Swarthout and whether defendant Swarthout is entitled to qualified immunity.